UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.: 3:06cr50/RV/EMT
  3:20cv5628/RV/EMT
JABARI WILLIAMS
  _____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Jabari Williams' Amended "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (ECF No. 117). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After review of the record, the undersigned recommends that the motion be summarily dismissed as untimely.

## BACKGROUND AND ANALYSIS

Williams pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in June of 2006 (ECF No. 32). In September of 2006, the court sentenced him to the statutory mandatory term of life

Page 2 of 7

imprisonment (ECF No. 56). Judgment was entered October 10, 2006 (ECF No. 58, 59). Williams did not appeal.

The next activity in the case was nearly nine years later, in July of 2015, when the district court entered an order *sua sponte* clarifying that Williams' sentence was not impacted by Amendment 782 (ECF No. 107). Nothing further was filed until January of 2019, when Attorney William Richbourg filed a motion to reduce Williams' sentence pursuant to the Sentencing Reform Act of 2018 (ECF No. 108). The district court denied the motion in April of 2019 (ECF No. 112).

In July of 2020, Williams filed a pro se "Motion for Reinstatement of Direct Appeal Right Pursuant to Title 28 U.S.C. § 2255" (ECF No. 113). In the motion he contended that his appointed trial attorney failed to file a direct appeal after sentencing, despite Williams' request that he do so. The district court denied the motion without prejudice, but deemed it filed under § 2255 and referred it to the undersigned (ECF No. 114). Williams' motion, re-docketed on July 8, 2020, is considered filed as of June 29, 2020, the date it was signed, pursuant to the prison mailbox rule.[1]

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date

Upon review of the re-docketed motion, the undersigned ordered Williams to file an amended motion on the proper § 2255 form (ECF No. 116). The court specifically instructed Williams to address the issue of the timeliness of his request for § 2255 relief in the space provided on the form (*id*. at 2). Williams' amended motion is now before the court. Again, Williams' lone claim for relief is that counsel was constitutionally ineffective because he neither filed an appeal upon request nor consulted with Williams about an appeal (ECF No. 117 at 3).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

it is delivered to prison authorities for mailing); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing on the date it was signed).

Case Nos.: 3:06cr50/RV/EMT; 3:20cv5628/RV/EMT

28 U.S.C. § 2255. If a defendant does not file an appeal, his conviction becomes final when the fourteen-day time period for filing an appeal expires. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); Fed. R. App. P. 4(b)(1)(A)(i). In this case, Williams' conviction and sentence became final when this period expired, on October 24, 2006 (14 days after entry of judgment). Therefore, to be timely, his § 2255 motion had to be filed no later than October 24, 2007. His motion filed nearly thirteen years later, on June 29, 2020, is facially untimely.

With respect to the timeliness of his motion, Williams contends that the "one year statute of limitations a contained in 28 U.S.C. § 2255 should not apply because [he] is not challenging his conviction or his sentence, only the claim that his attorney was ineffective for failing to file something on my sentence of life as [he] requested" (ECF No. 117 at 12). This contention is wholly unpersuasive. The clear goal of an appeal is to challenge the imposition of the life sentence. The motion is untimely.

Unless Williams establishes entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003)

(citing *Drew v. Dep't of Corr*, 297 F.3d 1278, 1286 (11th Cir. 2002) (overruled on other grounds by *Jones v. Sec'y, Fla. Dep't of Corr.,* 906 F. 3d 1339, 1351 (11th Cir. 2018)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citation omitted)). In this case, Williams has not indicated any attempt to rely on the doctrine of equitable tolling, and no basis for application of this doctrine is apparent from the record. As such, his untimely motion should be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 117) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28<u>th</u> day of August 2020.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**